**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAOTO THOMAS,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-539**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

**BUTLER COUNTY OHIO, *et al.*,**

**Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Daoto Thomas, an Ohio resident who is proceeding without the assistance of counsel, sues Butler County, Ohio, Franklin County, Ohio, the United States of America, and the U.S. Attorney's Office for multiple incidents over the course of two decades. Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e) because Plaintiff is proceeding *in forma pauperis*. But because Plaintiff's original Complaint misjoined several sets of unrelated claims, the undersigned ordered Plaintiff to file an Amended Complaint that complies with Federal Rule of Civil Procedure 20. (ECF No. 6.) Plaintiff was cautioned that failure to comply with that Order would result in the Court performing an initial screen under § 1915 of Plaintiff's Fourteenth Amendment procedural due process claims related to Butler County's determination that Plaintiff was incompetent to stand trial and severing and dismissing without prejudice his remaining claims. (*Id.*) Plaintiff failed to file an amended Complaint, however, and the time to do so has now expired.

Accordingly, all claims in this action, except Plaintiff's Fourteenth Amendment procedural due process claims related to Butler County's determination that Plaintiff was incompetent to stand trial, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions.

The Court now turns to the initial screen of Plaintiff's Fourteenth Amendment procedural due process claims related to Butler County's determination that Plaintiff was incompetent to stand trial under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** for failure to state a claim on which relief can be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain

sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that "Butler County Forensics + Courts never found legal reason for incompidency [*sic*] to stand trial. The only 2 legal reasons are; you don't have a basic understanding of Court procedures and or your unable to assist a lawyer in your defense. The Judge, Prosecutor & Courts therefore retaliated." (Compl., ECF No. 1, PAGE ID #5.) These are the only allegations in the Complaint related to the determination of Plaintiff's competency. The undersigned liberally construes these allegations to advance a Fourteenth Amendment due process claim under 42 U.S.C. § 1983 against Butler County Forensics, the Butler County Court of Common Pleas, and the Butler County Prosecutor.

All of Plaintiff's claims must be dismissed. First, to the extent that Plaintiff asserts claims against Butler County or any of its departments, those claims fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as

an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff makes no allegations whatsoever that the allegedly erroneous determination of his competency was made pursuant to a County policy or custom. Plaintiff's claims against Butler County and Butler County Forensics must therefore be dismissed.

Similarly, any claims against County employees in their official capacity must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entity (Butler County). Plaintiff's claims against any County employees in their official capacity must therefore be dismissed.

Next, the Butler County Prosecutor is entitled to absolute immunity from a civil suit for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is

overcome only when the prosecutor's challenged conduct was taken as an administrator or investigator, rather than as an advocate. *See Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). Plaintiff's Complaint contains no plausible allegations on which this Court could rely to conclude that any exception to prosecutorial immunity applies to exempt the Butler County Prosecutor. And even if the Prosecutor were not immune, Plaintiff's allegations do not plausibly suggest that the Prosecutor engaged in any retaliation in connection with Plaintiff's competency determination. Plaintiff alleges only in a conclusory fashion that "[t]he Judge, Prosecutor & Courts therefore retaliated." (Compl., ECF No. 1, PAGE ID #5.) Accordingly, Plaintiff's individual-capacity claims against the Butler County Prosecutor must be dismissed.

Finally, Plaintiff cannot succeed on any claims against the Butler County Court of Common Pleas, because Courts are not capable of being sued. *See* Fed. R. Civ. P. 17(b)(3) (capacity to be sued determined by the law of the state where the Court is located); *State ex rel. Andrews v. Lake Cnty. Ct. of Common Pleas*, 170 Ohio St. 3d 354, 355 n.1 (2022) ("Because a court is not sui juris and may not be sued in its own right, the court of common pleas is not a properly named party in this case.").

## III. DISPOSITION

For these reasons, all claims in this action, except Plaintiff's Fourteenth Amendment procedural due process claims related to Butler County's determination that Plaintiff was incompetent to stand trial, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE